**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| LM WASTE SERVICE CORP., | CASE NO. 14-08851 (EAG) |
| DEBTOR. | CHAPTER 11 |
| LM WASTE SERVICE CORP., | |
| PLAINTIFF, | ADV. PROCEEDING NO. 15-00125 |
| v. | |
| MUNICIPIO DE ISABELA, | |
| DEFENDANT. | FILED & ENTERED ON 03/19/2018 |

**OPINION AND ORDER**

Plaintiff LM Waste Service Corp. commenced three separate adversary proceedings against: the Municipality of San German [Adv. Proc. 15-00124]; the Municipality of Isabela [Adv. Proc. 15-00125]; and the Municipality of Juana Diaz and Andres Reyes Burgos, Inc. [Adv. Proc. 15-00126]. These three proceedings are all similar.  All of them were filed for the turnover of property under section 542 of the Bankruptcy Code, collection of monies, and breach of contract.[1]  And, all of them also mirror law suits commenced by LM Waste in state

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

court prior to its filing of the voluntary petition for relief under chapter 11 of the Bankruptcy Code.

After entering an opinion and order permissibly abstaining under section 1334(c)(1) of title 28 of the United States Code in adversary proceeding 15-00126, this court ordered in the adversary proceeding of caption the Municipality of Isabela to supplement its pending motion to dismiss with a statement of proposed uncontested facts. Given the similarities between the three cases and for comity reasons, the court forewarned the parties that it would consider permissively abstaining from also hearing this case.

For the reasons stated below, the court permissibly abstains from the case and dismisses the same.

**I. Procedural Background**.

LM Waste filed a voluntary petition under chapter 11 of the Bankruptcy Code, which was docketed as case 14-08851 on October 29, 2014. [Bankr. Dkt. No. 1.] On May 4, 2015 it commenced this adversary proceeding. [Adv. Dkt. No. 1.] On December 1, 2015, Isabela answered the complaint and counterclaimed against LM Waste. [Adv. Dkt. No. 22.] On December 22, 2016, LM Waste answered the counterclaim. [Adv. Dkt. No. 24.]

On May 12, 2016, Isabela moved to dismiss the case. [Adv. Dkt. No. 30.] On May 23, 2016, LM Waste opposed the dismissal. [Adv. Dkt. No. 31.]

A hearing was held on December 21, 2016, where Isabela was ordered to supplement its motion to dismiss with a statement of proposed material uncontested facts and certified English translations of documents submitted as supporting exhibits. [Adv. Dkt. No. 35.] LM Waste was also ordered at that hearing to respond to Isabela's proposed statement admitting

or denying the facts submitted by Isabela. [Id.]

On January 2, 2017, Isabela filed its statement of uncontested material facts. [Adv. Dkt. No. 37.] On the same date, Isabela filed a motion for leave to file Spanish language documents pending translation. [Adv. Dkt. No. 38.]

On January 17, 2017, LM Waste requested an extension to respond to Isabela's statement of proposed material uncontested facts until Isabela filed the certified English translations of the documents submitted as supporting exhibits. [Adv. Dkt. No. 39.] The court granted the extension request made by Isabela to submit the certified English translations until February 1, 2017 and also granted LM Waste's request to reply to the statement once the translations were filed. [Adv. Dkt. Nos. 40 & 42.]

A hearing was held on February 17, 2017 where Isabela was granted thirty days to reach an agreement with LM Waste on stipulated facts as to minimize the cost of the certified English translations. [Adv. Dkt. No. 44.]

No further documents were filed and the court scheduled a status conference for June 9, 2017. [Adv. Dkt. No. 46.] Isabela did not appear at the status conference. [Adv. Dkt. No. 49.] As such, the court denied the pending motion to dismiss. [Id.] The court then scheduled an initial scheduling conference for August 18, 2017. [Adv. Dkt. No. 50.]

On June 20, 2017, Isabela filed a motion for reconsideration of the order denying its motion to dismiss, with a second proposed statement of uncontested facts and certified English translations as supporting exhibits. [Adv. Dkt. No. 53.] LM Waste did not respond to the motion for reconsideration.

3

On August 9, 2017, LM Waste filed a motion to continue the initial scheduling conference, which was granted by the court to September 22, 2017. [Adv. Dkt. No. 54.] But, the initial scheduling conference was continued to October 27, 2017 and later to December 8, 2017 due to the emergency situation in Puerto Rico caused by the passage of Hurricane María. [Adv. Dkt. Nos. 57 & 62.] On November 6, 2017, LM Waste moved again for the continuance of the initial scheduling conference and the court continued it to January 12, 2018. [Adv. Dkt. Nos. 61 & 62.] At the initial scheduling conference held on January 12, 2018, the court informed the parties it would be entering a separate opinion and order permissively abstaining for this adversary proceedings. [Adv. Dkt. No. 65.]

**II. Uncontested facts**.

The following facts are undisputed as found in the record of this case and the statement of proposed uncontested facts filed by Isabela at docket number 37 as supplemented at docket number 53:

On June 6, 2011, LM Waste and Isabela executed an agreement for the collection and transportation of non-hazardous solid wastes in the municipality's communities to be disposed of in the municipal landfill. [Statement of Proposed Uncontested Facts filed by Isabela ("Isabela's SUF") at ¶ 1, Adv. Dkt. Nos. 37 & 53; LM Waste's complaint at ¶ 7; Adv. Dkt. No 1.] Under the contract, LM Waste would administer and operate the municipality's landfill. [Isabela's SUF at ¶ 1, Adv. Dkt. Nos. 37 & 53; LM Waste's complaint at ¶ 7; Adv. Dkt. No 1.]

On October 11, 2013, LM Waste filed a complaint for breach of contract against Isabela in the Puerto Rico Court of First Instance, Superior Part of Aguadilla. [Isabela's SUF at ¶ 2, Adv. Dkt. Nos. 37 & 53; Exhibit 1, Adv. Dkt. No. 53-1.] On October 31, 2013, Isabela answered the

4

complaint. [Isabela's SUF at ¶ 3, Adv. Dkt. Nos. 37 & 53; Exhibit 2, Adv. Dkt. No. 53-2.]

On February 3, 2014, Isabela filed in the state court an informative motion stating that it had sent to LM Waste a first set of interrogatories, request for production of documents, and request for admissions. [Isabela's SUF at ¶ 6, Adv. Dkt. Nos. 37 & 53; Exhibit 3, Adv. Dkt. No. 53-3.] On September 14, 2014, Isabela filed a motion requesting that the request for admissions be deemed admitted since LM Waste had not answered the same. [Isabela's SUF at ¶ 7, Adv. Dkt. Nos. 37 & 53; Exhibit 4, Adv. Dkt. No. 53-4.] On the same date, Isabela also moved to dismiss the case because LM Waste had not answered any of the discovery requests. [Isabela's SUF at ¶ 7, Adv. Dkt. Nos. 37 & 53; Exhibit 5, Adv. Dkt. No. 53-5.]

On November 26, 2014, LM Waste filed a petition under chapter 11 of the Bankruptcy Code. [Bankr. Dkt. No. 1; Isabela's SUF at ¶ 9, Adv. Dkt. Nos. 37 & 53.] The state court then issued a judgment staying the proceedings and administratively closing, without prejudice, the case. [Isabela's SUF at ¶ 910, Adv. Dkt. Nos. 37 & 53; Exhibit 6, Adv. Dkt. No. 53-6.] The state court also reserved jurisdiction to reopen the case upon the request of a party if the order staying the proceedings were to be set aside. [Id.]

On May 4, 2015, LM Waste filed a complaint initiating this adversary proceeding. [Adv. Dkt. No. 1; Isabela's SUF at ¶ 11, Adv. Dkt. Nos. 37 & 53.]

**III. Applicable Law and Discussion.**

LM Waste avers in the complaint that Isabela has an outstanding debt to the estate of $1,231,223.40 for services rendered, plus damages in an amount not less than $20,000,000 due to breach of contract. [Adv. Dkt. No. 1.]

Isabela moves the court for dismissal arguing that the claim against it does not

constitute a core proceeding as defined in section 157 of title 28, and that LM Waste did not properly transfer the case from the state court to the bankruptcy court under Bankruptcy Rule 9027. [Adv. Dkt. No. 30.]

LM Waste opposes dismissal arguing that this is a core proceeding because the alleged breach of contract is precisely what led to the filing of the chapter 11 petition, the uncollected funds owed to the estate are recoverable under section 365, and the already executed portions of the contract are considered a matured debt recoverable under section 542. [Adv. Dkt. No. 31.]

District courts have jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). They may refer to bankruptcy courts "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). The United States District Court for the District of Puerto Rico, by Resolution of July 19, 1984 and Local Civil Rule 83K(a), has referred to this court, pursuant to section 157(a) of title 28, all cases under title 11 and all proceedings arising under title 11, or arising in or related to a case under title 11.

Section 157 of title 28 defines and distinguishes what are core and non-core proceedings. 28 U.S.C. § 157(b) & (c). See, Roman-Perez v. Operating Partners Co. LLC (In re Roman-Perez), 527 B.R. 844, 851 (Bankr. D.P.R. 2015.) "A core proceeding, for bankruptcy jurisdictional purposes, is an action that has as its foundation the creation, recognition, or adjudication of rights that would not exist independent of a bankruptcy environment." In re Med. Educ. & Health Servs., Inc., 459 B.R. 527, 545 (Bankr. D.P.R. 2011). "If an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in

a state or a district court, then it clearly involves a non-core matter." Scotland Guard Servs. v. Autoridad de Energia Electrica (In re Scotland Guard Servs.), 179 B.R. 764, 767 (Bankr. D.P.R. 1993).

A bankruptcy judge may hear a non-core proceeding that is otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1). But, a bankruptcy judge cannot enter judgment in non-core proceedings and is limited to submitting proposed findings of fact and conclusions of law to the district court. [Id.] The district court must then review those proposed findings and conclusions de novo and enter any final orders or judgments. [Id.] The statute provides for an exception to the rule. The bankruptcy judge may enter the appropriate orders and judgment in a non-core proceeding if all the parties to the action consent to the same. 28 U.S.C. § 157(c)(2).

In this case, the breach of contract and collection of money claims are non-core because they arose prior to the filing of the bankruptcy petition and did not come into existence due to the filing of bankruptcy. It is uncontested that LM Waste sued on these claims in the state court prior to the filing of the bankruptcy petition. As such, the claims existed and can survive outside of this court.

The court finds no merit in LM Waste's argument that the uncollected funds due to the estate are recoverable under section 365 or that the executed portions of the contract are considered a matured debt recoverable under section 542. The court notes that LM Waste did not aver any jurisdictional basis under section 365 in its complaint. And, as Isabela is contesting the debt, this case cannot be considered a turnover action. Latin Am. Roller Co. v. Cooperativa de Seguros Multiples (In re Latin Am. Roller Co.), 412 B.R. 15, 22 (Bankr. D.P.R.

7

2009) ("When a bona fide dispute exists as to liability involving state law, then the proceeding is not core."); Mec Steel Bldgs. v. San Lorenzo Constr. Corp. (In re Mec Steel Bldgs.), 136 B.R. 606, 609 (Bankr. D.P.R. 1992) ("Actions initiated in the bankruptcy court to collect pre-petition account receivables are clearly non-core matters and should not be considered as matters affecting the administration of the estate or actions for the turnover of property of the estate in order to categorize them as core.").

Because this is a non-core proceeding and Isabela has not consented to the entry of a final judgment in bankruptcy court, this court is limited herein to submitting proposed findings of fact and conclusions of law to the district court.

Instead of submitting proposed findings of fact and conclusions of law to the district court, the court understands, as it did in adversary proceeding 15-00126, that permissive abstention is warranted under section 1334(c)(1) of title 28. That section provides that nothing "prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §1334(c)(1). Aside from the three factors already delineated in the statute–justice, comity, and respect for state law–other circuits consider "'the extent to which state law issues predominate over bankruptcy issues', 'the presence of a related proceeding commenced in state court or other nonbankruptcy court', and 'the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.'" New Eng. Power and Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 69 (1st Cir. Mass. 2002) (citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912

8

F.2d 1162, 1166-67 (9th Cir. 1990)).

The District Court of Puerto Rico has also considered the following factors: (1) the effect on the efficient administration of the estate if a court abstains, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the unsettled nature of the applicable law, (4) a related proceeding commenced in state court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted core proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court to be enforced in bankruptcy court, (9) the burden on the bankruptcy docket, (10) the likelihood that the bankruptcy court proceeding involves forum shopping by one of the parties, (11) the right to jury trial, and (12) the presence of non-debtor parties. Flores Rivera v. Telemundo Group, 133 B.R. 674, 677 (D.P.R. 1991) (citing In re Tucson Estates, Inc., 912 F.2d at 1166). "Not all of these factors are necessarily applicable, and the court also looks at comity as well as other equitable considerations." In re Caribbean Petroleum Corp., 443 B.R. 560, 568-69 (Bankr. D.P.R. 2010).

Here, the facts favor abstention. The first Telemundo factor, the efficient administration of the estate, is fostered by keeping this contractual issue in state court where it belongs. Given that it is a non-core proceeding and the lack of consent by Isabela to the entry of a final judgment by this court, not abstaining would require this court to submit proposed findings and conclusions of law to the district court. Since objections to the proposed findings and conclusions of law are likely to arise, the district court would have to resolve those objections and possibly even retry the entire case prior to entering final judgment.

The second and fourth <u>Telemundo</u> factors also favor abstention. Puerto Rico law predominates over bankruptcy law in contractual actions and the state court is competent to adjudicate LM Waste's claims. Additionally, the state-court case was commenced pre-petition and prosecuted until stayed by the bankruptcy filing. And, as per the state-court case judgment administratively closing it, the state court will reopen the case if the automatic stay is lifted.[2]

As for the fifth <u>Telemundo</u> factor, there is no jurisdictional basis for this court to address the breach of contract claim if not for the bankruptcy filing.

The tenth <u>Telemundo</u> factor also favors abstention. The filing of the adversary complaint by LM Waste is forum shopping. Prior to the filing of the bankruptcy petition, Isabela was seeking an order from the state court to deem admitted its unanswered request for admissions and moving to dismiss the case due to LM Waste's failure to respond to any of the discovery requests made by Isabela.

And, as for the twelfth <u>Telemundo</u> factor, Isabela is a non-debtor party.

In its opposition to dismissal, LM Waste raised the enactment of Puerto Rico Act No. 66-2014, known as the "Special Fiscal and Sustainability Act." P.R. Law. Ann. tit. 3, §§ 9101-9153. Act 66 establishes limitations on the collection of judgments against the Commonwealth of Puerto Rico, its agencies, instrumentalities, public corporations, and municipalities. Under its section 28, a municipality may pay a money judgment against it through a payment plan that ranges from one to ten years depending on the amount of the judgment. P.R. Law. Ann. tit.

---

[2] Section 362 only stayed counterclaims in state court against LM Waste, not the claims of LM Waste against Isabela.

3, § 9141.  Section 28 further allows a municipality to postpone a payment plan to the following fiscal year if it does not have the funds to make the payment. Id.  And section 29 of Act 66 makes it unlawful to compel a municipality to pay any money judgment against it or to embargo any funds to pay a judgment when there has been a determination that the municipality does not have the funds to make such payment. P.R. Law. Ann. tit. 3, § 9142.

LM Waste argues that Act 66 is an insurmountable obstacle to collect a state-court judgment against Isabela. It cites Wal-Mart Puerto Rico v. Zaragoza-Gomez, 174 F.Supp.3d 585 (D.P.R. 2016), aff'd, 834 F.3d 110 (1st Cir. P.R. 2016), to support its contention that Act 66 would make any potential judgment in state court against Isabela impossible to collect.

The court does not agree.  The enforcement of any judgment against Isabela, be it from bankruptcy court or state court, would be subject to Act 66 under Civil Rule 69(a) made applicable by Bankruptcy Rule 7069. Fed. R. Civ. P. Rule 69(a). See, Whitfield v. Municipality of Fajardo, 564 F.3d 40, 43 (1st Cir. P.R. 2009) ("Under this rule [69(a)], state law governs not only the parties' substantive rights but also the procedure to be followed.").

The Wal-Mart case is distinguishable from this case.  Under the Butler Act[3] and the Tax Injunction Act,[4] federal courts cannot enjoin, suspend or restrain the assessment, levy or collection of any state tax where a speedy and efficient remedy to contest the tax exists in state court. The district court in Wal-Mart concluded that the limitations imposed by those two statutes did not deprive it of subject-matter jurisdiction and went on to declare invalid under federal law and permanently enjoined the collection of the state tax in question.  Wal-Mart

---

[3] 48 U.S.C. § 872.

[4] 28 U.S.C. § 1341.

11

Puerto Rico, 174 F. Supp.3d at 652.   Puerto Rico law requires that a party contesting the tax to pay it and then, if successful, apply for a refund. Id. at 620.  The Wal-Mart court concluded that because of the insolvency of the government of Puerto Rico and Act 66, the prospect of Wal-Mart collecting the refund could be postponed indefinitely, depriving Wal-Mart of a speedy and efficient remedy in state court.   But, the Wal-Mart court only found that subject-matter jurisdiction existed to invalidate the state tax and enjoin its collection, and did not enter a money judgment against the Commonwealth of Puerto Rico.

Accordingly, this court permissively abstains under section 1334(c)(1) of title 28 from hearing this adversary proceeding.   As a consequence, we need not address whether LM Waste complied with the removal procedure governed by Bankruptcy Rule 9027 raised by Isabela.

**IV. Conclusion**

For the reasons stated herein, the court permissively abstains from hearing this case under section 1334(c)(1) of title 28 of the United States Code and, as a result, the adversary proceeding of caption is dismissed.

In Ponce, Puerto Rico, this 19th day of March 2018.

Edward A. Godoy
U.S. Bankruptcy Judge

12